UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PHYNERRIAN Q. MANNING,

    Petitioner,

v.                                                        Case No. 5:21-cv-244-TKW/MJF

SHERIFF OF BAY COUNTY,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Phynerrian Q. Manning ("Manning"), a state pretrial detainee proceeding *pro se*, has filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 7. Because it appears that Manning has not exhausted his available state remedies, the undersigned recommends that the District Court dismiss Manning's section 2241 petition.[1]

### I. BACKGROUND

On March 7, 2022, Manning filed an amended section 2241 petition. Doc. 7. Manning alleges that on or about July 8, 2021, he was arrested for possessing a firearm as a felon, carrying a concealed firearm, and possessing less than twenty

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

grams of marijuana. *Id.* at 7; *State v. Manning*, No. 21002806CFMA, Affidavit-Complaint (July 9, 2021).[2] Manning alleges that he was released the following day after he posted bond. Doc. 7 at 7. Around three weeks later, on July 31, 2021, Manning was arrested for driving under the influence of alcohol ("DUI") and leaving the scene of an accident with less than $50 in damage. *Id.*; *State v. Manning*, No. 21003145CTMA, Florida Uniform Traffic Citations (Aug. 2, 2021).

On August 1, 2021, Manning presented for his initial appearance with respect to the driving-related offenses. Doc. 7 at 7. According to Manning, the presiding judge determined that there was no probable cause for the DUI offense, so the State moved for a 24-hour continuance to obtain the arresting officer's testimony. *Id.* The judge granted the State's motion.

The next day, on August 2, 2021, the State failed to produce the arresting officer's testimony. *Id.* Manning alleges that the judge gave Manning two "options": (1) to be released into the pretrial release program for both driving-related offenses, or (2) to be released on personal recognizance for the DUI charge and a monetary

---

[2] The undersigned takes judicial notice of the documents filed in the Fourteenth Judicial Circuit Court in and for Bay County, Florida. Under Federal Rule of Evidence 201(b), a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). Manning should have received copies of these documents. Regardless, the documents can be obtained from the respective clerk of the court.

bond for the charge of leaving the scene of an accident. *Id.* Manning chose the second option.

On August 4, 2021, the State filed a motion to revoke Manning's bond with respect to the firearm-related offenses. *Id.* at 8. The motion alleged that Manning's two driving-related offenses violated the conditions of Manning's bond. After finding that there was probable cause to believe that Manning had committed the two driving-related offenses, the court granted the State's motion and Manning was arrested. Doc. 7 at 8.

Manning asserts that the revocation of his bond and his current detention violate the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. *Id.* at 9. As relief, Manning requests immediate release. *Id.* at 6.

## II. Discussion

Section 2241 of Title 28 of the United States Code empowers district courts to grant a writ of habeas corpus. 28 U.S.C. § 2241(a). Under section 2241, a writ of habeas corpus shall not extend to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241's reference to "prisoner" includes state pretrial detainees. *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir. 2004). Although state pretrial detainees may file a section 2241 petition, such claims are "rare" and "extraordinary." *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014); *Hughes*,

377 F.3d at 1261. That is because habeas-corpus proceedings under section 2241 are not intended to serve "as a substitute for the functions of the trial court." *Henry v. Henkel*, 235 U.S. 219, 229 (1914). Thus, "in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391-92 (1918).

A state pretrial detainee generally must exhaust all avenues of state relief before filing a section 2241 petition. *United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991). Federal courts should abstain from exercising jurisdiction if the issues raised in the section 2241 petition may be resolved by other state procedures available to a petitioner. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *see Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., specially concurring) (noting that "[a]mong the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies"); *Atkins v. People of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981) (noting that federal courts should abstain from exercising jurisdiction over a state pretrial detainee's section 2241 petition when "the issues raised in the petition may be resolved . . . by other state procedures available to the petitioner"). Requiring state pretrial detainees to exhaust all avenues of available state relief prevents "interference by federal courts in the normal functioning of state criminal processes." *Moore v. DeYoung*, 515 F.2d 437,

441-42 (3d Cir. 1975). To overcome the exhaustion requirement, a pretrial detainee must show "an absence of available State corrective process" or that "circumstances exist that render such process ineffective to protect [his] rights." *Combs v. Coats*, No. 8:11-cv-1679-T-17EAJ, 2011 WL 3290386, at *2 (M.D. Fla. Aug. 1, 2011) (quoting 28 U.S.C. § 2254(b)(1)(B)(i)-(ii)).

After Manning's bond was revoked, he could have filed a petition for a writ of habeas corpus in the pertinent Florida District Court of Appeal and, if the petition was denied, Manning could have sought review in the Supreme Court of Florida. *Parker v. State*, 843 So. 2d 871, 873-74 (Fla. 2003) (noting that the defendant filed a petition for a writ of habeas corpus challenging the revocation of his bond). But nothing in Manning's amended petition indicates that he exhausted these avenues of state relief. Instead, under the "Exhaustion" section of the court-approved section 2241 form, Manning simply stated, "Jail stated unable to release inmate without order from court." Doc. 7 at 3. Additionally, Manning stated, "N/A," in response to a question asking whether he appealed the issue for which he filed the section 2241 petition. *Id.* at 2.

Because it appears that Manning has not exhausted all avenues of available state relief, it would be improper for the District Court to exercise jurisdiction over his section 2241 petition. *Ardis v. Florida*, No. 3:18cv2376-LC/CAS, 2018 WL 7050759, at *3 (N.D. Fla. Dec. 14, 2018) (recommending that the defendant's

section 2241 petition be dismissed because he did not challenge his bond revocation by filing a petition for writ of habeas corpus in state court), *report and recommendation adopted*, 2019 WL 211960, at *1 (N.D. Fla. Jan. 16, 2019); *Estimar v. Edward*, No. 18-CV-61838-BLOOM, 2018 WL 4519295, at *5 (S.D. Fla. Aug. 29, 2018) (same), *report and recommendation adopted*, 2018 WL 4510252, at *1 (S.D. Fla. Sept. 20, 2018); *Combs*, 2011 WL 3290386, at *2 (same); *Butler v. McNeil*, No. 10-14138-Civ-GRAHAM, 2010 WL 2634268, at *2 (S.D. Fla. June 9, 2010) (same), *report and recommendation adopted*, 2010 WL 2634229, at *1 (S.D. Fla. June 30, 2010).

Furthermore, Manning has not shown that Florida lacks a "corrective process" or that "circumstances exist that render such process ineffective to protect [his] rights." *Combs*, 2011 WL 3290386, at *2 (quoting 28 U.S.C. § 2254(b)(1)(B)(i)-(ii)). For these reasons, Manning's section 2241 petition should be dismissed.

### III. CONCLUSION

Because Manning had not demonstrated that he exhausted his available state remedies, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** without prejudice Manning's amended petition for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 7.

2. Order the clerk of the court to close this case file.

At Pensacola, Florida, this <u>16th</u> day of March, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. If the parties dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**